LEWIS E. STANTON, Appellant

*vs.*

ANNA KIRSCH, Appellee.

APPEAL FROM MILWAUKEE COUNTY COURT,

Where property is claimed by a married woman, under the act of 1850, she must show either that she owned it at the time of the marriage, or else acquired it afterward by gift, bequest, or purchase.

If she claim it by purchase, the *onus* rests on her to show that she paid for it with funds which were not furnished by the husband.

Where the husband and wife live together the household chattels in their joint occupation, are presumed to be in possession of the husband.

Under such circumstances, mere evidence of prior possession, would not sustain an action of trover in the name of the wife, as for her separate property, under the act of 1850.

*Semble,* that where prior possession alone is relied on, as proof of property to maintain trover, for personal chattels, the possession should be notorious and exclusive.

This action was commenced before a justice of the peace, where it was tried and judgment rendered for the plaintiff. It was appealed by the defendant to the county court of Milwaukee county, where it was again tried by a jury, at the June Term, A. D. 1857, and a judgment again rendered for the plaintiff.

The declaration alleges that Anna Kirsch, a married woman, complains of the defendant, Stanton, in a plea of trover, for that &c., " plaintiff was lawfully possessed, as of her own property, of certain chattels, to wit: one French built clock with marble stand, of great value, to wit: of the value of seventy-five dollars; and being so possessed, the said defendant, afterwards, to wit: on the same day, came into possession of the defendant by finding," &c. The defendant pleaded the general issue.

On the trial, a single witness was introduced by the plaintiff, Henry Spaan, who testified to a demand made by the plaintiff for the clock, of the defendant, who was an auctioneer, and who declined to give it up, *because it was attached.* The witness testified further as to the value of the clock, and that it was the property of the plaintiff; which fact he knew, because the plaintiff had offered it to him for sale. Also, "that the plaintiff was a married woman, and lived with her husband, and that he had heard the husband say the clock belonged to the plaintiff. He added further: "All I know about her ownership of the clock, is what she says about it; I have heard no others say that they owned the clock."

The plaintiff having rested, the defendant moved a non-suit,

1st. Because the plaintiff sued as a married woman, and had not shown a title to the clock, in her, as her separate property, within the act of 1850, for the protection of the property of married women.

2d. Because there was no evidence of a conversion by defendant.

The court overruled the motion, and the defendant excepted.

*J. P. C. Cotterill,* for appellant, contended that, as the marriage, at common law, takes away the separate legal existence of the wife, and vests the title to her personal chattels in her husband,(*Norval* vs. *Rice,* 2 Wis., 31), the plaintiff could recover only by virtue of the act of 1850, (Sess. Laws of 1850, Ch. 44), providing that the real and personal property of any female, which she shall own at the time of her marriage, shall continue her sole and separate property, &c., and that as the remedy is given by statute, it is incumbent on the plaintiff to show herself clearly within the terms of the statute. Hence, he insisted, the proof of prior possession, which in ordinary cases, is held *prima facie* evidence of property to maintain trespass or trover, would be insufficient for the plaintiff to recover in this case. And he cited *Gamber* vs. *Gamber,* 18 Penn. State R., 363 and *Keeney* vs. *Good,* 21 Id., 349.

He also made the point that there was no sufficient proof of a conversion—that, the demand and refusal being only *prima facie* evidence of conversion, the refusal should be unconditional, and that it should appear that it was in the power of the defendant to comply with the demand ; to which he cited 2 Greenl. Ev. § 444 and cases cited ; 2 Bulst., 310 ; 2 Mod. 245 ; 1 Ch. Pl., 158–9 ; *Smith* vs. *Young*, 1 Camp., 439 ; *Irish* vs. *Cloyes*, 8 Vt., 33 ; Id., 110 ; 16 Id., 160 ; 4 Esp., N. P. C., 157.

*John L. Doran and D. Corson*, for the respondent, contended that the defendant's plea, (not guilty), admitted both the condition of the plaintiff below and her right to sue in such condition, viz : as a married woman. That under the plea and proofs it was not necessary to show that the property was her " separate property." And if it were, the testimony of Spaan, that he had heard the plaintiff's husband say " it belonged to the plaintiff," was sufficient. To support this, he cited no authorities ; but he cited the following to show that actual possession is *prima facie* sufficient evidence of ownership to maintain trover, viz : *Jones* vs. *Sinclair*, 2 N. H., 319 ; 2 Saund., 47, 47 n ; 1 J. R., 528.

As to the qualified refusal of the defendant in answer to the demand made for the goods, he contended that the burthen of proof of the truthfulness of this, and all such excuses, lies upon the party making them, and cited *Brackett* vs. *Hayden*, 15 Maine, 347 ; 3 Shep.; *West* vs. *Tupper*, 1 Bailey, 193.

*By the Court*, COLE, J.   In this case the court instructed the jury that it was sufficient to make out a *prima facie* case of ownership for the plaintiff to prove that she had possession of the property, claiming ownership and exercising acts of ownership over it. That although the plaintiff sued as a mar-

ried woman, still the same proof would be sufficient to make out a *prima facie* case for her, that would be sufficient as between other parties. We think this charge of the court erroneous.

The plaintiff in this case was a married woman, living with her husband, and the action was brought to recover the value of a clock, a very common article of household furniture, alleged to belong to the wife. And aside from some loose declarations of the husband and wife, that the clock belonged to the latter there is no evidence, except the presumption arising from possession, that the property was really the property of the plaintiff. But where husband and wife were living together, it is evident that the wife cannot have a notorious and exclusive possession of household furniture, and therefore possession does not furnish the same test as to title between them, it would when applied to strangers. Had this clock been confessedly the husband's, the possession would not have been changed. By the same rule, the wife might hold, as against the creditors of her husband, all the furniture of the most munificently furnished palace. By the act of 1850, the real and personal property of any female, who might marry after the passage of the act, was to continue her sole and separate property, and not to be liable for the debts of her husband. When the wife claims the benefit of this act against her husband's creditors, she ought to be prepared to show, by some evidence stronger than that of possession merely, that the property is her own. The doctrine which should govern these cases was briefly and correctly stated in the case of *Gamber* vs. *Gamber*, 18 Penn. State R., 363, as follows : " Where property is claimed by a married woman, she must show, by evidence which does not admit of a reasonable doubt, either that she owned it at the time of her marriage, or else acquired it afterwards, by gift, bequest or purchase. In the case of a purchase after marriage, the burthen is upon her to prove, distinctly, that she paid for it with funds which were not furnished by the husband." See the case of *Keeney* vs. *Good*, 21 Penn. State R., 349. Apart from the proof as to

the possession, the evidence should have been sufficiently clear and satisfactory to have justified the jury in finding that the clock was the property of the plaintiff.

The judgment of the court below is reversed and a new trial ordered.