HORNEFFER
v.
DURESS et al.

We see no error, and the judgment is affirmed, with costs.

HORNEFFER vs. DURESS and another.

| 13 | 603 |
| 56 LRA 826n |

Whether or not a married woman owning separate property, can make a valid contract of partnership by which a particular business is to be conducted by her and others, still, if such contract is actually made, and property bought by and delivered to the partners, the married woman paying her proportion, a mere trespasser could not, in an action for converting the property, raise any question as to the capacity of the married woman to make such partnership contract.

Where a complaint for converting wood omits to state its value, but its value is found on the trial, the court should order the complaint amended on the trial, without costs.

Where in an action by a married woman and her son for the conversion of certain wood, it appeared that the plaintiffs claimed to be carrying on business as partners, and that the husband and father acted as the managing agent, and that the defendant justified under executions against the husband, the married woman should furnish the clearest proof that the property was her separate property.

In order to make a receipt, purporting to be signed by some third person, acknowledging the receipt of money in trust for such married woman, and promising to pay it to her on demand, admissible in evidence, its genuineness should first be shown.

ERROR to the Circuit Court for *Ozaukee* County.

*Blair & Williams*, and *W. A. Pors*, for plaintiff in error:

1. To entitle a married woman to recover in an action for injury done to personal property, she must allege in her complaint, and prove upon the trial, that the property is her sole and separate property, and that she owned it at the time

of her marriage, or acquired it afterwards by gift, bequest or purchase. 6 Wis., 338; 7 id., 393. 2. A married woman has no power to enter into a copartnership with a third person, for the purpose of carrying on any kind of trade or business; nor has she the power to engage in trade on her own account, except so far as may be necessary to manage the property which she may separately own. 5 Wis., 245; *Alb. Ins. Co. vs. Bay*, 4 Coms. Rep., 9. 3. Where personal property of the wife is taken possession of by the husband with the consent of the wife, and by him exchanged for other personal property, the latter becomes the property of the husband, and may be levied upon and sold to pay his debts. *Powers vs. Lester*, 17 How. Pr. R., 413; *Gage vs. Dauchy*, 28 Barb., 622; *Shirley vs. Shirley*, 9 Paige, 363. 4. The court erred in permitting the receipt to be read in evidence. It had no legal tendency to prove that the property was the sole and separate property of the plaintiff, *Bridget Duress*.

*H. Cunning*, for defendants in error, contended that the exclusive possession by the plaintiffs below of the property levied upon, was sufficient to enable them to maintain their action (2 N. H., 319; 2 Saund., 47); that a married woman may, with the consent of her husband, enter into copartnership (Story on Part., § 11); and that the husband, acting as agent for the wife, acquires no interest in her property.

May 15.    *By the Court*, PAINE, J.   This action was brought by the defendants in error against the plaintiff in error, for taking and converting a quantity of wood, alleged to belong to the plaintiffs.   The defendant below justified under executions against Robert Duress, the husband of *Bridget Duress*, averring that the wood belonged to him.

The plaintiffs offered evidence tending to show that *Bridget Duress* and *Patrick*, her son, had been engaged in a partnership together with one Powers, in rectifying and selling liquors; that Powers left the firm, and that the business was subsequently conducted by the plaintiffs, and that the wood in question was bought for the firm.   The counsel for the plaintiff in error raises the question whether a married woman could enter into such a contract of partnership, and

carry on business in the manner testified to. But without determining how far such contract would be binding upon her or upon other parties with whom she might contract, we will say that if a married woman should invest her own separate property, admitted to be such, in a partnership business to be conducted by her and others, and property were actually bought and delivered to such partners, a mere trespasser, converting it to his own use, could not defend himself by raising any question as to her capacity to carry on such partnership business.

It seems also that the complaint did not allege any value to the wood. And the counsel for the defendant below requested the court to instruct the jury that the plaintiffs could recover only nominal damages, which was refused. The value of the wood was proved, and we think this technical defect in the complaint was properly disregarded by the court. It should have ordered the complaint amended without costs.

But there was one error for which we think the judgment must be reversed. The plaintiff's case showed a married woman and her son engaged in business together, and the husband and father acting as managing agent. The contest was between the wife and her husband's creditors. Undoubtedly the case was one which should require the clearest proof on the part of the married woman, that the property was her separate property. *Stanton vs. Kirsch,* 6 Wis., 338. The proof relied on for this purpose was the existence of the partnership, and the actual transaction of business in the name of the firm, and the statements of some of the witnesses, that the plaintiffs put in some money as capital when the partnership was formed. But where the plaintiff *Bridget* got her money was not shown, and there was nothing offered tending to show that she had any money or separate property, with the exception of a receipt offered in evidence, purporting to be signed by C. Hurley, acknowledging the receipt of $3,000 from Robert Duress, in trust for *Bridget Duress,* and promising to pay the same to *Bridget* on demand. The receipt refers to an agreement in pursuance of which it was given, which did not appear in the case. And it may be

questionable whether, if received, it had any tendency to show that the money mentioned in it was her separate property as against her husband's creditors. But assuming that it had, and it certainly may have been so regarded by the jury, we think it was inadmissible without first proving its genuineness. There was nothing offered to show that there was any such person in existence as C. Hurley. The paper being signed by one not a party to the suit, its genuineness should have been proved before it was admitted. Otherwise, whenever it became necessary to show that a married woman, or any body else, had property, all that would be necessary would be to manufacture fictitious receipts and offer them in evidence. It is true, they might not be very satisfactory without some explanation, but if admissible at all without any proof whatever, they might have an improper effect upon the minds of the jury.

For the admission of that receipt the judgment must be reversed, with costs, and a new trial ordered.