DURESS et al.
·· v.
HORNEFFER.

---

### Duress and another vs. Horneffer.

In trespass by a firm, one member of which is a married woman, against an officer, for taking, on an execution against the husband of the female plaintiff, goods which are alleged to belong to the firm, it is necessary for the plaintiffs to show that the interest of the female plaintiff in the goods was her *separate estate.*

A refusal to instruct a jury that such proof was necessary, is an error for which a judgment in favor of the plaintiffs must be reversed, although the plaintiffs offered proof on the trial tending to show that the female plaintiff had a separate estate at the time she entered into the partnership ; and that proof was excluded by the court at the instance of the defendant.

The question whether the wife had an interest in the goods as her separate estate, is sufficiently presented by the usual complaint in trespass, and a justification, in the usual form, under an execution against her husband.

APPEAL from the Circuit Court for *Ozaukee* County.

The plaintiffs in this action were *Patrick Duress* and *Bridget Duress.* The case is stated in the opinion of the court. Verdict and judgment in the circuit court for the plaintiffs.

*A. M. Blair* and *W. A. Pors*, for appellant :

Where property is claimed by a married woman, she must show that she owned it at the time of her marriage, or acquired it afterwards by gift, bequest or purchase. In the case of a purchase after her marriage, the burden is upon her to prove distinctly that she paid for it with funds which were not furnished by her husband. 18 Penn. St., 363 ; 21 id., 349 ; 6 Wis., 338, 393 ; 7 How. Pr. R., 105 ; 12 id., 333 ; 16 id., 93.

*H. Cunning*, for the respondent :

A married woman may sue as if she were a *feme sole.* The complaint need not show separate property. Abbotts'

Pl., Note M., 36. The plaintiffs not having been permitted to show separate property in *Bridget Duress* on the trial, the appellant cannot complain of the refusal to give the instructions he asked.

May 15.     *By the Court,* COLE, J.   On the trial of this action at the circuit, the court was asked by the appellant to instruct the jury, in effect, that to entitle the plaintiffs to recover, they must prove that the interest of the plaintiff, *Bridget Duress,* in the wood at the time it was taken by him, was her sole and separate property, and that if there was no testimony to establish that fact, the verdict must be in his favor.   The court refused this instruction, but charged the jury that under the complaint and answer, it was not necessary to prove that the interest of *Bridget Duress* in the wood was her separate property; that if the appellant wished to raise that question, he should have done so in the answer, and not having done so, the question was immaterial and not in the case.

This was an action of trespass, brought by the respondents as partners to recover the value of 117 cords of wood taken and carried away by the appellant.   The defendant, among other things, justified the taking of the property, as sheriff, by virtue of two executions issued against Robert Duress, the husband of *Bridget.*

It appeared on the trial that *Bridget Duress* was a married woman at the time the wood was purchased by the respondents.   An effort was made by the respondents to show that *Bridget* had property of her own at the time she entered into partnership with *Patrick Duress,* but the evidence was objected to, and ruled out by the court.

As the respondents obtained judgment under the instructions of the court, they took no appeal, and the ruling of the court in excluding the evidence that *Bridget* had separate property, with which she engaged in the business of "rectifying whisky," is not before us for review.

The defense to the action evidently was, that the property was not that of *Bridget,* but the property of Robert, her husband, the defendant in the execution.   She being a married

January Term,
1862.

DURESS et al.
v.
HORNEFFER.

woman, it was incumbent on her to show, as a part of her case, that she purchased the wood in controversy with her separate estate. For unless the means of acquisition were her own, independently of her husband, she could not hold the wood against the creditors of her husband. 6 Wis., 338; id., 363; 7 id., 349; 35 Penn. St., 261; id., 375; 38 id., 277, and authorities in the cases referred to.

The instruction asked for on the part of the appellant, was directly and pointedly applicable to the facts of the case, and should have been given. The counsel for the respondents suggested that the appellant was not in a position to take advantage of the error in refusing to give the instruction, because he had successfully resisted the effort made on the trial to show that *Bridget* had separate property at the time she entered into partnership. But this is a mistake. To entitle her to recover, she was required to show by satisfactory testimony, that the wood was purchased with her own estate and was not liable to the debts of her husband. If she attempted, and failed to make out her case by competent testimony, under the ruling of the court, she was unfortunate. But this does not cure the error in refusing to give an instruction pertinent to the issue. And we suppose the real point in issue was, whether the wood was purchased by *Bridget* with her own means, or whether it really belonged to her husband and was liable to be seized by his creditors in execution.

We cannot see that it was necessary for the appellant to raise that question in any more direct manner than he did by the pleadings. It was inevitably involved in the issues made when the wife claimed that the property belonged to her, and the appellant alleged that it belonged to her husband.

It follows from these views that the circuit court erred in refusing the instruction asked by the appellant, as well as in the general charge to the jury.

The judgment is reversed, and a new trial ordered.