HORTON vs. DEWEY and others.

*November 3 — November 22, 1881.*

MARRIED WOMAN. *(1) Burden of proof where she claims property by purchase from her husband. (2) How far bill of sale evidence.*

1. In an action between a wife and her husband's creditors, where she claims property in dispute by purchase from her husband, the burden is upon her to prove, by clear and satisfactory evidence, that such purchase was made in good faith, for a valuable consideration paid out of her separate estate, or by a third person for her; and the same rule applies to one who took from the wife with notice.

2. In such a case, a mere recital of a valuable consideration, in the bill of sale from husband to wife, will not support a verdict in her favor.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice TAYLOR:

" Action for the unlawful taking and conversion of personal property. The defendants answered, denying the plaintiff's ownership of the property described in the complaint, and alleging, for a further defense, that *Dewey* and *Emerson* recovered a judgment against one John P. Stoddard for $416.19; that on the 19th day of February, 1880, an execution was issued on such judgment and delivered to the defendant *Neil C. Bell*, sheriff of the county of Fond du Lac, for collection; that by virtue of such execution he levied upon the property specified in the complaint as the property of said John P. Stoddard, the defendant therein; and that at the time of such levy the said goods and chattels were in fact the property of said John P. Stoddard, and subject to levy and sale on such execution.

" Upon the trial, it appeared in evidence that the property described in the execution was the property of said John P. Stoddard on the 11th of December, 1877; that about that time said Stoddard, after mortgaging his farm for $4,500, upon which said personal property then was, in said county of Fond du Lac, conveyed the farm, subject to the mortgage, to his son, his son conveyed to one Mountain, and Mountain

conveyed to M. A. B. Stoddard, the wife of said John P. Stoddard; that such conveyances were made without consideration and for the sole purpose of vesting the title in the wife of said John P. Stoddard; that, after the making of such conveyances, John P. Stoddard went to the state of Minnesota, leaving his wife and son upon said farm, together with the personal property described in the complaint; that he has remained in Minnesota since, doing business there, and only occasionally returning to this state; that, shortly before the property was taken upon the execution, the wife of said John P. Stoddard, claiming to own said property, conveyed it to the plaintiff for a valuable consideration; that previous to taking such conveyance the plaintiff knew that it had been attached at the suit of *Emerson* and *Dewey* as the property of John P. Stoddard; and that, upon being notified that the attachment had been dissolved, he made the purchase. The only evidence of any sale of such property by John P. Stoddard to his wife or son was the statement of the son that his father turned the property over to him when he went to Minnesota, and that he afterwards turned it over to his mother, wife of John P. Stoddard, and a bill of sale purporting to be executed by the said John P. Stoddard, bearing date October 30, 1878, reciting that he had sold and conveyed the same to his wife for the sum of $1,559. Evidence was also admitted on the part of the plaintiff showing that Mrs. Stoddard had mortgaged the property before the date of the sale, to the plaintiff. This evidence, as well as the evidence of the bill of sale, was objected to by the defendants on the trial. The debt upon which the defendants obtained their judgment was contracted by John P. Stoddard in 1878, several months before the date of the bill of sale from him to his wife.

" The only questions submitted to the jury were: (1) Did John P. Stoddard sell the property in question to his wife for a valuable consideration, and deliver the possession to her? (2) Who was in the actual possession of the property when

Mrs. Stoddard sold it to the plaintiff?   (3) Did John P. convey the property to his wife with intent to hinder, delay or defraud his creditors?   (4) Had she any knowledge of such intent on the part of her husband when he made the conveyance to his wife?   (5) Was the conveyance of the property by Mrs. Stoddard to the plaintiff made for the purpose of hindering, delaying or defrauding the creditors of John P. Stoddard, or with intent to assist said Stoddard in so doing? (6) Had the plaintiff any knowledge of any intent on the part of Mrs. Stoddard, when she made the conveyance to him, to hinder, delay or defraud the creditors of John P. Stoddard, or notice of such intent, sufficient to put a prudent man on inquiry, etc.?   (7) Was the conveyance of the property to plaintiff for a valuable consideration?   (8) What was the value of the property?

The jury answered all the questions in favor of the plaintiff, and found him entitled to recover the sum of $628.   The court refused to set aside the verdict and grant a new trial; and defendants appealed from a judgment rendered in accordance with the verdict.

*A. M. Blair*, for the appellants.

For the respondent there was a brief by *Spence & Hiner*, and oral argument by *Mr. Spence.*

TAYLOR, J.   There is no evidence in the case showing that Mrs. Stoddard ever paid her husband any consideration for the personal property conveyed to her by the bill of sale given in evidence, other than that inferable from the recitation in the bill of sale itself.   The other evidence rather leaves the impression that there was no consideration paid by her to her husband. ·

The appellants asked the court, among other things, to instruct the jury " that, in order to show that the title to the property described in the complaint passed by said bill of sale, it must be shown that said bill of sale was delivered;

that a consideration was paid therefor; that possession of the property passed to Mrs. Stoddard; and that the property is the same property, or a part of it, described in the complaint in this action." This instruction was refused, and exception taken. The court having instructed the jury that they might consider the bill of sale in determining the question whether John P. Stoddard had conveyed this property to his wife for a valuable consideration, we think the instruction asked should have been given. Under the instructions given to the jury, they were left to infer that a sufficient and valuable consideration was given for the property by Mrs. Stoddard, from the mere recitation of the fact in the bill of sale itself, without any other evidence thereof. The bill of sale was not sufficient evidence that a valuable and sufficient consideration was in fact paid. *Sillyman v. King,* 36 Iowa, 207.

Under the evidence given in this case, we think the plaintiff bought the property knowing that the defendants claimed it to be the property of John P. Stoddard, and not of Mrs. Stoddard. He knew that Mrs. Stoddard was the wife of John P.; that the property had been shortly before owned by him; and that she claimed to have obtained her title from him. He also knew that the defendants were creditors of John P. He stands, therefore, in the situation of Mrs. Stoddard if she had brought the action in her name for a conversion of the property, not having made any sale thereof to the plaintiff or any one else. It is evident that, under the decisions of this court, the evidence failed to make out the ownership of the property by Mrs. Stoddard as between her and the creditors of her husband. This court has repeatedly held that, in a contest between the creditors of a husband and the wife, if the wife claims ownership of the property by a purchase, the burden of proof is upon her to prove, by clear and satisfactory evidence, such purchase, and that the purchase was for a valuable consideration, paid by her out of her separate estate, or by some other person for her. *Stanton v. Kirsch,* 6 Wis.,

338; *Horneffer v. Duress*, 13 Wis., 603; *Weymouth v. Railway Co.*, 17 Wis., 550; *Duress v. Horneffer*, 15 Wis., 195; *Beard v. Dedolph*, 29 Wis., 136; *Stimson v. White*, 20 Wis., 563; *Elliott v. Bently*, 17 Wis., 591; *Putnam v. Bicknell*, 18 Wis., 333; *Hannan v. Oxley*, 23 Wis., 519; *Fenelon v. Hogoboom*, 31 Wis., 172; *Hoxie v. Price*, id., 82; *Carpenter v. Tatro*, 36 Wis., 297.

The remark in some of the earlier cases, that the wife must show her title by evidence which leaves no reasonable doubt, has not been adopted by this court as the true rule as to the nature and conclusiveness of the evidence by which she must establish her title; and the rule has been further modified where it appears that her title is derived from some other person than her husband, either directly or indirectly. See *Le Saulnier v. Loew, ante*, p. 207. We are not disposed to change the rule where the contest is between the creditors of the husband and the wife, or some one claiming under her with notice, when the wife claims to have obtained title by purchase from her husband. In all such cases the burden of proof showing the *bona fides* of the purchase is upon her, and she must show by clear and satisfactory evidence that the purchase was made in good faith with her separate estate, or for a consideration moving from some person other than her husband. In all such cases the presumptions are in favor of the creditors, and not in favor of the title of the wife. Tested by this rule, the instructions of the court that they might find that a valuable consideration had been paid for this property by the wife out of her separate estate, from the mere fact that she held a bill of sale from her husband reciting such consideration, was clearly erroneous, as was also the refusal to give the instruction asked by the appellants. See *Sillyman v. King, supra.*

That there was some evidence submitted to the jury from which it is possible they might have found that the property was either sold or given by the husband to the son, and by

him sold or given to the wife, does not cure the error, for the reason that no such question was submitted to them for their consideration, or, if it was submitted, the other proposition was also submitted; and it is impossible from the verdict to say that the verdict is not founded upon the alleged purchase by her from her husband. The wife's claim was based upon her purchase from her husband, and the verdict must stand or fall upon the sufficiency of the evidence to sustain such purchase.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.