A. D. BAKER Co., Appellant, vs. BOOHER and others, Respondents.

*April 9—April 29, 1913.*

*Debtor and creditor: Fraudulent conveyances: Division of debtor's estate in divorce action: Property awarded to wife not subject to subsequent judgment against husband.*

1. A conveyance of a farm by the owner and his wife to their sons in consideration of maintenance of the parents so long as they should live, reserved to said owner mineral and timber rights in the land.   The husband also had other property, not shown to have been insufficient to cover his indebtedness at that time.   Subsequently, in an action for divorce, the court awarded to the

wife all the right, title, and interest which the husband had in the farm so conveyed. Afterwards a creditor obtained judgments upon notes given by the husband prior to said conveyance, and then brought action to set aside the conveyance as fraudulent and to subject the land to the lien of his judgments. *Held* that, there having been no fraud in the divorce proceeding, the wife cannot be deprived of the interests awarded to her, and hence that the creditor could not subject the land to the lien of his judgments.

2. Even if the conveyance to the sons was in fraud of creditors, the wife's participation therein did not deprive her of all her marital rights and claims to the property or affect her right to a final division of the husband's estate in the divorce action; and the judgment in that action must be treated as final so far as it is involved in the action by the creditor.

APPEAL from a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *C. W. Graves* and *A. F. Drew,* and oral argument by *Mr. Graves.*

*L. H. Bancroft,* for the respondents.

SIEBECKER, J. Plaintiff, an Ohio corporation licensed to do business in Wisconsin, brings this action to set aside a transfer of a farm by the defendants *Isaiah Booher* and his wife, *Mary,* to their sons *Clarence* and *Scott Booher,* and to subject the real estate to the lien of certain judgments plaintiff has secured against the defendant *Isaiah Booher.*

The facts as found by the court are practically undisputed and are in substance these: The defendant *Isaiah Booher* and his wife, *Mary,* were for many years before the commencement of this action residents of Richland county. They, with their sons *Clarence* and *Scott,* occupied and cultivated a farm of 600 acres situated in this county. Up to January 6, 1906, the farm was owned by *Isaiah Booher.*

On November 7, 1905, *Isaiah Booher* purchased from the plaintiff a threshing outfit costing $1,790.75, for which he gave his six notes to the plaintiff, maturing in one, two, three, four, five, and six years from date, with interest. In March,

1906, he purchased other property of the plaintiff and gave his notes for the purchase price thereof in the sum of $160. At the time of purchasing the threshing outfit *Isaiah Booher* made a written statement for the purpose of obtaining credit for the purchase of this threshing outfit, to the effect that he owned this farm, describing same, of 600 acres in fee simple; that it was worth $30,000; that it was free from incumbrances excepting the unpaid balance of $6,000, due in November, 1909, secured by two mortgages on the premises; that he owned personal property valued at $5,000, free from incumbrances, and that no judgments existed against him.

On January 6, 1906, *Isaiah Booher* and his wife by warranty deed conveyed the 600-acre farm and the personal property situated thereon to their son *Clarence,* reserving timber and mineral rights. In consideration of such transfer the son *Clarence* agreed to convey an undivided half interest in all the real and personal property embraced in the transfer to his brother, *Scott,* when he attained the age of twenty-one years, and the sons were to care for, provide, and maintain *Isaiah Booher* and his wife, *Mary,* pursuant to the terms stipulated in the deed during the rest of their natural lives; and no other consideration was paid for such property.

On June 14, 1909, the son *Clarence* conveyed to his brother, *Scott,* who was then of age, an undivided half interest in the property, and the mother, *Mary Booher,* on the same day conveyed to *Clarence* all her right, title, and interest therein which she had acquired under a decree of divorce rendered September 14, 1906, awarding her a divorce from her husband, *Isaiah,* and transferring to her, as a final division of his property, all the right, title, and interest *Isaiah Booher* had in and to the property conveyed to the sons. The court found that this divorce action was brought and prosecuted in good faith by *Mary Booher* and that the decree therein was awarded upon good and lawful grounds and was not tainted by any fraud of the parties. From the time of the

rendition of the divorce judgment to the commencement of this action, *Isaiah Booher* and *Mary Booher* resided on the farm and a portion of the time in the same dwelling house, and have been supported and maintained from the proceeds and income therefrom.

At the time *Isaiah Booher* purchased the threshing-machine outfit from the plaintiff, his wife and sons knew that he had obtained it on credit and owed plaintiff the whole purchase price; that he had given plaintiff notes to evidence the debt, and to secure payment thereof had executed a chattel mortgage on this property so purchased.

On August 7, 1906, the plaintiff seized all of the machinery under the chattel mortgage and bought it at a sale under the chattel mortgage for $800. This foreclosure and purchase was prior to the time the first note was due and before judgment was obtained against *Isaiah Booher.*

It appears that *Isaiah Booher* retained title to twenty acres of land situated about three quarters of a mile from the home farm, which he subsequently sold for $500. He also owned 180 acres of land in Vernon county, which he subsequently sold, receiving as consideration other lands and some cash. He also had a stock of goods with an indebtedness thereon of $1,900. The estimated value of the goods by the defendant was about double the amount of the indebtedness thereon. One of plaintiff's witnesses testifies that it was worth about $200. At the trial it appeared that the personal property and *Booher's* interests in real estate held in his own name, after transferring the home farm to his sons, was either seized in legal proceeding or by him applied to pay debts in the summer and autumn of 1906. The plaintiff recovered a judgment on the first note after its maturity in November, 1907, and on other notes in January, 1909; on which judgments there remained unpaid the sum of $1,238.75 when this action was commenced.

The trial court found that the transfer of the farm in Jan-

uary, 1906, was made in good faith and without any fraudulent intent by the parties thereto and that the divorce action was prosecuted in good faith upon legal grounds; that the proceeding was free from collusion and fraud, and that the judgment awarding the wife all the right, title, interest, and equity the husband had in the farm constituted a final division and distribution of the husband's estate. Under the decree the wife became vested with all the interests her husband, at that time, had in the property embraced in the decree. It operates to bar her dower and homestead rights in any property of the husband. It also results from this decree that whatever property she acquired by it constitutes her separate estate, and that the judgment is final and conclusive and not open for alteration after the term at which it was rendered. *Gallager v. Gallager,* 101 Wis. 202, 77 N. W. 145; *Donovan v. Donovan,* 20 Wis. 586; *Kistler v. Kistler,* 141 Wis. 491, 124 N. W. 1028.

The wife's dower interest in the farm would in no way be affected if it were established that the conveyance of *Isaiah Booher* to his sons was in fraud of his creditors. The contention that her participation in her husband's conveyance to the sons, in fraud of his creditors, deprived her of all her marital rights and claims to this property has no foundation. *Munger v. Perkins,* 62 Wis. 499, 22 N. W. 511; *Huntzicker v. Crocker,* 135 Wis. 38, 115 N. W. 340. If it be assumed, as contended, that the deed from *Isaiah Booher* to his sons is void as to creditors, this in no way affected the wife's rights to a final division and distribution of the husband's estate in the divorce action. As above stated, the divorce action was based on good and lawful grounds and the parties thereto were not guilty of any collusion or fraud in prosecuting the same to final judgment.

The evidence in the case fails to show that *Isaiah Booher* did not retain sufficient property in his own name at the time he conveyed the farm to his sons in January, 1906, to cover

his indebtedness, if providently applied. It cannot, therefore, be said that he was an insolvent after parting with the home farm. The fact that there was no fraud in the divorce proceeding and that *Isaiah Booher* retained the property he did when the farm was transferred made it proper for the court, in the divorce action, to proceed to make a final division and distribution of his estate, having due regard for the legal and equitable rights of the parties, their character and situation, the husband's ability, and all the circumstances of the case, as provided by sec. 2364, Stats. The divorce judgment fixed her rights, and since there is no question of fraud in obtaining this decree, her rights, after having become fixed by the judgment of the court, are as much entitled to the protection of the law as the claims of the husband's creditors. In any legal proceeding by the plaintiff for the collection of its debt, the divorce judgment must be treated as final so far as it is here involved. It is considered that the defendant *Mary Booher* cannot be deprived of the interests awarded her in the property embraced in the divorce judgment; that she owns it as her separate estate, and hence the plaintiff cannot subject these premises to the lien of its judgments as demanded in the complaint.

*By the Court.*—The judgment appealed from is affirmed.