RIPON HARDWARE COMPANY, Respondent, vs. HAAS, imp., Appellant.

*February 26—June 17, 1914.*

*Married women: Conveyance by husband to wife: Fraudulent intent a question of fact.*

1. As to a conveyance from husband to wife made after the enactment of ch. 86, Laws of 1895 (which by amendment to sec. 2342, R. S. 1878, removed a wife's disability to take real estate by gift or grant from her husband and provided that any such conveyance should be "valid to the same extent as between other persons"), the question of fraud is, under sec. 2323, Stats., one of fact and not one of law. Anything said to the contrary in *Oppenheimer v. Collins*, 115 Wis. 283, is overruled.

2. Earlier decisions of this court, made before said amendment, are inapplicable to such a conveyance, except in so far as they hold that transactions of that nature should be closely scrutinized because of the great inducement and facilities afforded for the commission of fraud.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

This is an appeal by the defendant *Theresa Haas* from a judgment rendered upon the pleadings and admitted facts in an action brought by a creditor of John Haas, deceased hus-

band of defendant *Theresa Haas,* in which the complaint prays that the conveyances made by John Haas during his lifetime of real estate to his wife be set aside and declared void as being made in fraud of plaintiff and other creditors. The answer admits the conveyances without valuable considerations, and denies the fraud.

The complaint shows that action was commenced against John Haas on the 24th day of August, 1907, upon a claim existing at the time the conveyances hereinafter mentioned were made; that pending the action he died and the action was revived against his estate and went to judgment, was afterwards certified and filed in the county court, and remained unpaid; that the inventory filed in the county court showed property worth $1,500; that claims were allowed against the estate to the amount of $425, exclusive of the claim of the plaintiff, who was the only judgment creditor of the deceased, John Haas; that the estate has not been settled; that there is reason to believe that the estate of said Haas as set forth in the inventory returned to the county court is not sufficient to pay the debts of said Haas, which amount to $2,400; that at the time said Haas incurred the liability upon which said judgment of plaintiff is founded, to wit, August 22, 1901, said Haas was the owner, free from incumbrances, of real estate in Fond du Lac county; that on May 6, 1902, said Haas, with intent to defraud his creditors, conveyed certain of his real estate for a consideration recited therein of $1,000 to his wife, the defendant *Theresa Haas;* that said real estate was worth $12,000; that subsequent to the contracting of said indebtedness and obligation said John Haas on May 6, 1902, for a consideration of $1,000 named in the deed, conveyed to his wife, *Theresa Haas,* other real estate owned by him worth $12,000 or more; that on May 6, 1902, for a consideration named in the deed of $500, said John Haas conveyed to his wife other land owned by him, which land was worth $9,000; that on October 29, 1902, for

a consideration of $4,000 named in the deed, said Haas conveyed to his wife, *Theresa Haas,* other real estate owned by him which was worth $7,000; that on May 6, 1902, for a consideration of $500 named in the deed, said John Haas conveyed to his wife other real estate worth $5,000; that on May 6, 1902, for a consideration named in the deed of $500, said John Haas conveyed to his wife, *Theresa Haas,* other real estate of the value of $6,000; that all the foregoing conveyances were duly recorded in the office of the register of deeds of the proper county.    It is also stated in the complaint that no valuable consideration passed, and that all the conveyances to said defendant *Theresa Haas* were gifts to her as wife of said John Haas, and that the action is brought on behalf of the plaintiff and other creditors.    It is also alleged that the defendant C. J. Haas is administrator and sole heir of John Haas, deceased.

The stipulated facts above referred to are that at the time Haas signed the guaranty in August, 1901, upon which judgment was entered, he was worth about $100,000.    In May, 1902, he deeded $44,000 worth of property to his wife.    In August, 1902, he executed five deeds to his son, who was his sole prospective heir at law.    A few days later he executed to his wife other conveyances attacked in the complaint, bringing the total value of property conveyed to her up to $51,000. The note upon which the judgment was based was at this time past due and unpaid, although Mr. Haas, under the statement made, never had the nonpayment called to his attention.    It would appear that at this time, August, 1902, the deceased divided all his realty, and presumably all his property, between his wife and son, except the $1,500 worth inventoried, which probably was not conveyed to either because not called to mind at the time.    Judgment was entered ordering that the conveyance of May 6, 1902, conveying real estate, in consideration of $500, which was worth $6,000, be set aside unless the defendant *Theresa Haas* within sixty days

paid to the plaintiff $1,959.90, with interest and costs, and granting other relief.

For the appellant there was a brief by *Morse & Chadbourne,* attorneys, and *Thompson, Thompson & Jackson,* of counsel, and oral argument by *F. W. Chadbourne* and *J. C. Thompson.*

For the respondent there was a brief by *Carter & Pedrick,* and oral argument by *S. M. Pedrick.*

The following opinion was filed March 17, 1914:

KERWIN, J. The question involved in this case is whether, under the statutes of this state and decisions of this court, a gift to a married woman by her husband of real estate is void as to existing creditors, regardless of the amount of the gift, solvency of the donor, or intention on the part of the donor or donee to defraud. The question is squarely raised here because judgment was rendered on the pleadings and certain admitted facts.

Before the passage of ch. 86, Laws of 1895, it was settled by the decisions of this court that a deed of real estate by a married man to his wife, not based upon any consideration except love and affection, was void as to existing creditors. This rule has been consistently followed by this court from *Stanton v. Kirsch,* 6 Wis. 338, down to *Horton v. Dewey,* 53 Wis. 410, 10 N. W. 599, where the rule is thus stated:

"This court has repeatedly held that, in a contest between the creditors of a husband and the wife, if the wife claims ownership of the property by a purchase, the burden of proof is upon her to prove, by clear and satisfactory evidence, such purchase, and that the purchase was for a valuable consideration, paid by her out of her separate estate, or by some other person for her." . . . "In all such cases the burden of proof showing the *bona fides* of the purchase is upon her, and she must show by clear and satisfactory evidence that the purchase was made in good faith with her separate estate, or for a consideration moving from some person other than her hus-

band.   In all such cases the presumptions are in favor of the creditors, and not in favor of the title of the wife."

A different rule obtained where the gift was made in good faith before the indebtedness was incurred.   *Wheeler & W. M. Co. v. Monahan,* 63 Wis. 198, 23 N. W. 127; *Le Saulnier v. Loew,* 53 Wis. 207, 10 N. W. 145.   As the law stood up to the amendment of the statute, ch. 86, Laws of 1895, a deed from a husband to his wife of real estate was void because the wife could not take by gift or grant from her husband.   But this disability was removed in 1895 by the amendment to the statute referred to, which left the law on the subject as it appears in sec. 2342, Stats., and which permits a married woman to receive by inheritance or by gift, grant, devise, or bequest from any person, which of course includes her husband.   And this statute further provides: "Any conveyance, transfer or lien executed by either husband or wife to or in favor of the other shall be valid to the same extent as between other persons."   This statute is broad and sweeping.   It not only removes the disability formerly existing and allows married women to take by gift or grant from their husbands, but with regard to a conveyance, transfer, or lien executed by the husband to the wife makes the same valid to the same extent as between other persons.

Sec. 2323, Stats., provides: "The question of fraudulent intent, in all cases arising under the provisions of this title, shall be deemed a question of fact and not of law, nor shall any conveyance or charge be adjudged fraudulent as against creditors or purchasers solely on the ground that it was not founded on a valuable consideration."

The foregoing statute had little if any bearing before 1895 so far as conveyances from husband to wife were concerned, because the wife had no rights which she could legally enforce as against existing creditors.   Equity, however, would in a proper case protect her rights where she had a separate estate and showed that she paid a full consideration for the property from her separate estate and that there was no intent to de-

fraud creditors.   But under the law since the amendment of
1895 the early decisions of this court respecting conveyances
from husband to wife have little bearing except so far as they
hold that such transactions should be closely scrutinized on
account of the great inducement and facilities afforded for
the commission of fraud.   *Wallace v. Pereles,* 109 Wis. 316,
85 N. W. 371.   No reason is perceived why a wife should
not under existing law stand in the same position as regards
a conveyance from her husband as a son in regard to a con-
veyance from his father.   We think it clear, therefore, that
the obvious intention of the legislature by the amendment of
1895 was to make the question of fraud in a conveyance from
husband to wife one of fact and not of law.   Sec. 2323,
Stats.; *Hyde v. Chapman,* 33 Wis. 391.   True, cases may
arise when the facts proved are such that the law conclusively
presumes an intent to defraud.   *Barkow v. Sanger,* 47 Wis.
500, 3 N. W. 16; *Trowbridge v. Sickler,* 54 Wis. 306, 11 N.
W. 581; *St. Louis C. P. Co. v. Christopher,* 152 Wis. 603,
140 N. W. 351.   But these cases are consistent with the gen-
eral doctrine that the question of fraud is generally one of
fact.   At the time the conveyances were made to the wife in
the instant case, the statute placed the wife upon the same
legal basis as any other person, and so the early decisions,
when the wife labored under disability, do not apply.

In the case of *A. D. Baker Co. v. Booher,* 153 Wis. 319,
141 N. W. 248, in a contest between creditors of a deceased
father against sons who had received gifts from their father,
it was held that if sufficient property was retained by the
father, providently applied, to pay existing creditors the con-
veyances would be upheld.   We are convinced that upon the
facts of this case as shown by the pleadings and stipulation,
construed in the light of ch. 86, Laws of 1895, the plaintiff
was not entitled to judgment setting aside any conveyance to
the defendant *Theresa Haas.*   It seems from the decision of
the learned trial judge, in the record, that he was of opinion
that ch. 86, Laws of 1895, was not intended to have any effect

·other than to remove the disability of the wife as to receiving title directly from her husband. We cannot think that the act should be so limited. If so, then the only change necessary was the first part dropping out of the former statute the words "other than her husband." But the legislature did not stop there, but added the further provision to the effect that the transfer ·to the wife direct from the husband "shall be valid to the same extent as between other persons." If the ·object of the law was to remove the disability as to receiving title merely, the latter part of the act would have been unnecessary.

Under the early decisions and our statutes prior to 1895, ·conveyances to the wife from the husband were not valid to the same extent as conveyances to others, and we believe it was the legislative policy, as indicated by the act, to change the rule. *Kriz v. Peege,* 119 Wis. 105, 95 N. W. 108; *Citizens L. & T. Co. v. Witte,* 116 Wis. 60, 92 N. W. 443.

Counsel on both sides have favored us with very able briefs, which have received careful consideration, but we have not deemed it necessary to refer to all the cases cited to our attention. We desire, however, to refer to *Oppenheimer v. Collins,* 115 Wis. 283, 91 N. W. 690, which was decided after ch. 86, Laws of 1895, was passed, and which is relied upon by counsel for respondent. It would seem that the attention of the court was not sharply drawn to the effect of ch. 86 in considering that case. However, we cannot regard it as controlling, and anything said in it contrary to the conclusions here reached must be regarded. as overruled. We have arrived at the conclusion that judgment should not have been ordered upon the pleadings and admitted facts.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.

A motion for a rehearing was denied, with $25 costs, on June 17, 1914.