BRADLEY, Respondent, vs. SELDEN, imp., Appellant.

*November 8, 1929—March 4, 1930.*

For the appellant there was a brief by *J. J. Cunningham* of Janesville and *Lees & Bunge* of La Crosse, and oral argument by *Geo. W. Bunge.*

For the respondent there was a brief by *A. T. Holmes* and *Frank Winter,* both of La Crosse, and oral argument by *Mr. Winter.*

The following opinion was filed January 7, 1930:

STEVENS, J. The case presents the question whether the findings of the court are sustained by the proof. The findings are contrary to the undisputed testimony of the two defendants. The judgment cannot be sustained unless the trial court was justified in wholly disregarding the testimony of both defendants.

Careful consideration of the entire record leads this court to the conclusion that the testimony of the defendants ought not to be wholly disregarded, because such testimony is corroborated in many material particulars by such credible evidence as public records which establish the purchase and sale of real estate, the making of loans and the payment thereof, the joint ownership of property and the profit on the sale of the same. The testimony of the defendants that the wife gave her husband the money which she had at the time of marriage to be invested by him with his own, she to have one half of the investment with the increase and earnings thereon, is corroborated by a paper signed by Mr. Selden, yellow with age, which bears every earmark of having been made at the time of their marriage in 1907.

The court appreciates fully the advantage possessed by the trial judge, who had opportunity to see the witnesses and to

observe their demeanor on the stand. But a careful study of the record discloses so much credible evidence to corroborate the testimony of the defendants as to lead to the conclusion that the court must have been influenced in making its decision by an erroneous view of the law and of the facts of the case. This belief is strengthened by the fact that the court erroneously considered the case as if it were one in which there had been no transfer of the mortgage in question until after the husband knew that the failure of the canning company threatened his solvency.

The erroneous view which the court took of the facts is shown by its statement that no part of the money of the wife was invested in the Dudley farm. After the court had stated that the money of the wife had been invested in the several homes occupied by the defendants, it evidently overlooked entirely the undisputed proof that one of these homes was conveyed as a part of the consideration for the purchase of the Dudley farm.

The defendants testified that the mortgage here in question was transferred to the wife at the time it was executed. At that time the husband owned stock in the canning company with a par value in excess of the face of the mortgage in question. This stock was then selling for more than par. Under the agreement made at the time of their marriage, the wife was entitled to share equally the property that resulted from the husband's investment of their joint funds. The husband was then solvent. He had invested the wife's money for her. He had the same right to repay her, acting in good faith, that he would have had to repay any other indebtedness owed by him. *Dockry v. Isaacson,* 187 Wis. 649, 652, 205 N. W. 391.

The statute now places the wife on the same legal basis as any other person, changing the rule which prevailed under the earlier decisions. *Ripon Hardware Co. v. Haas,* 157 Wis. 466, 471, 145 N. W. 1096. "It is undoubtedly true that since husband and wife had unusual facilities for per-

petrating fraud upon creditors, transactions between them may be closely scrutinized in cases of this kind." *Dockry v. Isaacson,* 187 Wis. 649, 651, 205 N. W. 391. A close scrutiny of the record discloses undisputed proof which establishes the fact that the husband was justly indebted to his wife at the time that the mortgage in question was executed. The fact that the husband took the mortgage in his own name does not deprive the wife of her right to it, if it was in fact applied on the debt which her husband then owed her. *Second Nat. Bank v. Merrill,* 81 Wis. 151, 156, 50 N. W. 505. Nor is the fact that no assignment was recorded at that time conclusive. The recording acts do not apply to creditors, but only to subsequent purchasers in good faith. *Kinnie v. Kinnie,* 184 Wis. 245, 249, 199 N. W. 145.

The mortgage having been transferred to the wife in partial payment of a *bona fide* obligation at a time when the husband was solvent, no creditor now has a right to question such transfer or to set it aside.

The proof shows without dispute that the wife had added to the common property by her own labor, as well as by contributions in cash that came from such sources as the sale of her Liberty bonds, the insurance upon the life of her first husband, and the sale of buildings from the homestead owned by her.

The court is satisfied that the findings are contrary to the great weight and clear preponderance of the evidence. The judgment is set aside and the cause remanded with directions to enter judgment dismissing plaintiff's complaint.

*By the Court.*—So ordered.

A motion for a rehearing was denied, with $25 costs, on March 4, 1930.