## LE SAULNIER vs. LOEW and others.

*October 4 — October 18, 1881.*

CANCELLING DEED: HUSBAND AND WIFE. *(1) Conveyance by husband to wife sustained. What facts will not defeat legal effect of delivery of deed. (2) Fraud must be proven. (3) Estoppel by silence.*

1. The legal effect of the execution and delivery of a deed for the purpose of passing the title, is not changed by the facts, that one object of the transaction was to save the expense and trouble of administering the grantor's estate after his death, and that the grantee, who was the grantor's wife, placed the deed, after delivery, where her husband equally with herself could have access to it.
2. The evidence of fraud in the execution of a conveyance, upon which it will be cancelled, must be clear and convincing; and none such is found in this case.
3. The defendant grantee is not estopped from now asserting her ownership of the land, although, being present when her husband executed a note now held by the plaintiff and indorsed thereon a statement that he owned the land, she did not then assert her ownership; the evidence satisfying the court that neither husband nor wife understood the real character of such note and indorsement.

APPEAL from the County Court of *Milwaukee* County.

On the 2d of June, 1879, the defendant *John Loew* made his promissory note of that date, and delivered the same to one J. J. McClellan, by which he promised to pay to the order of said McClellan $150, and ten per cent. interest, four months after the date thereof. McClellan indorsed the note to the plaintiff, who recovered judgment for the amount thereof against the maker, *John Loew*, March 3, 1880. An execution was issued on the judgment, and returned unsatisfied as to the larger part thereof. On the 1st of February, 1879, the defendants, *John* and *Mary Ann Loew* made a deed of certain land to the defendant *Peter Gross*, who, at the same time, with his wife, made a deed of the same land to the defendant *Mary Ann*. These deeds were recorded in the proper office, June 27, 1879. It is understood that the land described

in said deeds was not a homestead. This action, which is in the nature of a creditor's suit, was brought to set aside the deeds above mentioned for fraud, and to subject such land to the payment of the plaintiff's judgment. The complaint contains the averments usual in complaints in such actions, and the pleadings present the questions determined by the court below and considered in the following opinion. The findings of fact are as follows: "That at the time of the conveyance set out in the complaint, of date February 1, 1879, made and executed by *John Loew* to *Mary Ann Loew*, said *John Loew* had a right to make the conveyance, as well as to convey at the same time his personal property to said *Mary*, because it does not appear that he owed any debts, and he had no fraudulent intent to defraud the plaintiff, or his assigns herein, or any other person whatever; that there was no fraud on the part of said *John Loew* in contracting the debt set forth in the complaint, and no act or representation on his part, when so contracting said debt, can have the force of proof of fraud, because it appears that said *John Loew* did not desire or intend to contract said debt in the way and manner stated by plaintiff, and it appears that said conveyance was made, executed and delivered at the time of its execution to said *Mary Ann*, who went into possession thereof at that time, and that she was not cognizant of or a party to the contracting of said debt, as set forth in the complaint, or to any statement or representations or acts of said *John* in relation to said debt, and had no knowledge thereof, and therefore could not be charged with any fraudulent intent in contracting said debt; that the statements of the charge of fraud on the part of said defendants *John* and *Mary*, in making and delivering said conveyance and in contracting the debt mentioned in the complaint, are unproven."

On these findings the court directed judgment to be entered in the defendant's favor, dismissing the complaint and for costs. From such judgment the plaintiff appealed.

Le Saulnier vs. Loew and others.

For the appellant there was a brief by *Rogers & Herdegen*, and oral argument by *Mr. Herdegen.*

*J. J. Orton*, for the respondents.

Lyon, J. We cannot undertake to state the testimony. It must suffice to say that, in our opinion, it fully sustains the findings of the learned county judge. When the deeds in question were executed, the original grantor, *John Loew*, who had long been in feeble health, supposed that he was near death. For some time previously he had designed to convey all of his property to his wife, and these deeds, together with another instrument transferring to her all of his personal property, were made in execution of such purpose. The deeds were duly and regularly delivered to the respective grantees therein named, by or on behalf of the grantors, and such delivery was intended by *John Loew* to be unconditional, and to pass the title to the land therein described at once and absolutely to his wife. The mere fact that one object he desired to accomplish was to save the expense and trouble of administering his estate after his death, does not qualify the delivery or change its legal effect, as the learned counsel for the plaintiff ingeniously argued. Neither is the character of the delivery affected by the fact that *Mrs. Loew* placed the deeds, after delivery, where her husband, equally with herself, could have access to them. If authority is desired for so plain a proposition, it will be found in the recent case in this court of *Rogers v. Rogers*, *ante*, p. 36.

On the question of fraud it is only necessary to say, it does not appear that *John Loew* was indebted to any one when the conveyance to his wife was executed, or that he intended to contract debts thereafter, and there is nothing in the record to raise even a suspicion that he was moved by any fraudulent intent to transfer his little property to his wife. Certainly, the evidence of fraud in this case (if there is any such evidence) is not of that clear and convincing character which alone will

justify the court in cancelling the conveyances. *Lavassar v. Washburne*, 50 Wis., 200, and cases cited. But it was argued that *Mrs. Loew* so conducted herself when the note was given to McClellan, that she should now be estopped to assert that she owns the land in question. On the back of the note is a written statement, signed by *John Loew*, to the effect that he was then the owner of such land. *Mrs. Loew* was present when the note and statement were signed by her husband, and took part in the conversation preceding the signing thereof. She did not disclose to McClellan (or his agent) that she, and not her husband, owned the land. The note was given for a quantity of material for a wire fence to be thereafter delivered. Both *Mr.* and *Mrs. Loew* are Germans, and have but little knowledge of the English language. *Mr. Loew* evidently made the contract to purchase the wire without much deliberation. Indeed, he testifies that he supposed he was signing a contract to the effect that his son should take a quantity of wire to sell on commission with the privilege of returning all that remained unsold. However that may be, we do not doubt that he was over-reached by a shrewd salesman, and that neither he nor his wife knew that he was representing himself to be the owner of the land which he had previously conveyed to her. Under such circumstances she was not required to assert her ownership, and is not estopped by her failure to do so.

*By the Court.*— The judgment of the county court is affirmed.

ORTON, J., took no part.