WHEELER & WILSON MANUFACTURING COMPANY, Respondent, vs. MONAHAN and another, imp., Appellants.

*April 8 — April 28, 1885.*

*Debtor and creditor — Conveyance of land by husband to wife.*

1. A conveyance of land by a husband to his wife is effectual, as between the parties, to pass to her the equitable title, and is also effectual as against the creditors of the husband unless it was executed with intent to hinder or delay them, or unless the grantee has done, or omitted to do, some act which estops her to assert it as against them.

2. Where a husband free from debt and in a situation to make a valid gift to his wife conveys land to her with an honest intention and purpose, the wife is not bound in a contest with subsequent creditors to show that she paid a valuable consideration. *Horton v. Dewey*, 53 Wis. 410, limited.

3. In such a case, the fact that the conveyance was not recorded until after the grantor had incurred the obligation in question, is of no significance.

APPEAL from the Circuit Court for *Kewaunee* County.

This is an action in equity in the nature of a creditors' suit. The material facts in the case are as follows: October 31, 1883, the plaintiff recovered a judgment in the circuit court against the defendant *Hugh Monahan* and his son, Charles S. Monahan, for about $400. Execution was immediately issued thereon, which was returned unsatisfied, November 22, 1883. The judgment was recovered for the breach of a contract between the plaintiff and Charles S. Monahan, for the performance of which the defendant *Hugh* was surety. The contract and the obligation of suretyship were executed June 8, 1882. August 16, 1880, the defendant *Hugh* executed and delivered to his wife, the defendant *Catharine Monahan*, a voluntary conveyance of 320 acres of land, being the land owned by the grantor. This conveyance was recorded August 16, 1883. The defendant Riedy

holds a mortgage on the same premises, executed by the defendants *Hugh* and *Catharine* in 1880.

The principal object of the suit is to procure the cancellation of such conveyance by *Hugh* to *Catharine*, and to subject the land to the payment of the plaintiff's judgment. The cause was regularly tried, and the court gave judgment for the plaintiff for the relief demanded, except that it sustains the validity of the mortgage to the defendant Riedy. The material findings of fact upon which such judgment is based are as follows:

"11. That at the time the said *Hugh Monahan* entered into the said written guaranty, he represented to the plaintiff he was the sole owner of the above-described property, and that the plaintiff, on the strength of the said representations, and fully trusting and believing the verity of the same, and relying on them, accepted the written guaranty of *Hugh Monahan*, and gave credit to the above-named Charles S. Monahan, and parted with and delivered the property to the said Charles S. Monahan, for the value of which the said judgment was recovered as aforesaid.

"12. That the defendant *Catharine Monahan* was present when the said representations were made by the said *Hugh Monahan* to the said plaintiff, and fully understood the said representations, and knew that the said representations were made for the purpose of procuring credit for the said Charles S. Monahan from the said plaintiff, and for obtaining and purchasing goods from the plaintiff on credit by the said Charles S. Monahan; that she, the said *Catharine Monahan*, stood by and failed to inform the plaintiff that she had any title whatsoever to the said real estate, but on the contrary joined in and assented to the said representations of her said husband."

"14. That on or about the 16th day of August, A. D. 1883, the defendant *Hugh Monahan* caused to be recorded in the office of the register of deeds of Kewaunee county a

certain warranty deed, wherein and whereby he transferred all the above described real estate unto the defendant *Catharine Monahan;* that the said deed bears date August 16, 1880, and that no valuable consideration was paid by the said *Catharine Monahan* for the said lands; that the said deed is recorded in volume U of Deeds, p. 631.

"15. That up to the time of the recording of the said deed the defendant *Hugh Monahan* represented himself to the plaintiff to be the owner of the said real estate, and that the defendant *Catharine Monahan* made the same representation at various times to the plaintiff."

"17. That all the allegations necessary to sustain the plaintiff's complaint have been proven."

The defendants the *Monahans* appeal from the judgment.

For the appellants there were briefs by *Timlin & Manseau,* and oral argument by *Mr. Timlin.*

For the respondent the cause was submitted on the brief of *Charles W. Felker,* of counsel.   The conveyance must be held fraudulent because the wife had no separate estate, and the transfer does not vest the title in her.   *Stimson v. White,* 20 Wis. 591; *Hoxie v. Price,* 31 id. 82; *Carpenter v. Tatro,* 36 id. 298; *Horton v. Dewey,* 53 id. 410.   When a person conveys his property, and the conveyance (if of land) is not recorded, and the grantor retains possession and obtains a false credit thereby, it is fraudulent as to subsequent creditors.   In this case there being no legal consideration for the purchase by the wife, and the deed being made directly from the husband to the wife, the legal title is still in him and the property is subject to his debts.   Bishop on Married Women, secs. 717–752; *Fowler v. Trebein,* 16 Ohio St. 493–7.

LYON, J.   The conveyance of August 16, 1880, executed by the defendant *Hugh* to his wife, the defendant *Catharine,* is effectual, as between the parties thereto, to pass to the

grantee the equitable title to the land therein described. *Putnam v. Bicknell*, 18 Wis. 333, and cases cited. Such conveyance is also effectual as against the creditors of the grantor, unless it was executed with intent to hinder or delay them in the collection of their debts, or unless the grantee has done, or omitted to do, some act which estops her to assert it as against them.. Such was the ruling of this court in *Le Saulnier v. Loew*, 53 Wis. 207, which is very similar in its facts to this case.

The circuit court did not find specifically that the conveyance was made with a fraudulent intent, and did not so find inferentially, unless it is included in the seventeenth finding of fact. We do not think that can properly be construed as finding a fraudulent intent. But it is quite immaterial whether it be so construed or not, for there is no testimony showing, or tending to show, any such intent. The conveyance was executed nearly two years before the defendant *Hugh* assumed the obligation which is the basis of the judgment against him. At that time he was not indebted to any one, and there is not the slightest testimony tending to show that he then contemplated incurring such obligation, or any other. See *Wheeler v. Single*, 62 Wis. 380. Besides, he was old and infirm,— a cripple, indeed,— quite unable to labor or take charge of his farm, while his wife was a healthy, capable woman, who necessarily had the principal charge of the affairs of the family, with whose earnings, mainly, the farm was purchased, and who chiefly managed and controlled it. The execution of the conveyance, under those circumstances, was a most reasonable and meritorious act, and there is nothing whatever in the pecuniary condition of the grantor at the time, or in any of the surrounding circumstances, to support the slightest suspicion that the conveyance was prompted by any fraudulent intent on the part of either of the parties to it.

The fact that the deed was not recorded until after the

grantor had incurred the obligation above mentioned is of no significance. The same fact occurred in *Le Saulnier v. Loew, supra,* and yet the voluntary conveyance to the wife was upheld. It is true, in that case a trustee intervened; but, as we have already seen, that is unimportant in equity.

In *Goodell v. Blumer,* 41 Wis. 436, it was held that a purchaser of land by a parol contract, who had paid the consideration and gone into possession, and who was therefore entitled to a specific performance of the contract, would hold the land against a judgment creditor of the grantor, and that the judgment (which was recovered after such sale, but before the land was conveyed) was not a lien upon the land.

The court found that the defendant *Hugh* caused the conveyance to his wife to be recorded. There is no evidence to support this finding. The undisputed testimony is that *Mrs. Monahan* procured it to be recorded. When *Mrs. Monahan* gave the deed to the register for record, she asked him if he could not record it as of its date, August 16, 1880. This is claimed to evidence a fraudulent intent on her part. We are not advised of her reasons for making the inquiry, and we think it entirely consistent with an honest intent on her part. At least, it throws no light on the question as to whether the conveyance was or was not executed and received in good faith.

As we understand the findings, the court rested its judgment entirely upon the alleged estoppel. But whether it did or not, it must be sustained upon that ground, or it cannot be sustained at all. The facts found by the court, which were held to create the estoppel, are, in brief, that when the defendant *Hugh* entered into the obligation for his son, he represented to the agent of the plaintiff that he was the owner of the farm on which he and his family resided, and that when he made such representation the defendant *Catharine* was present, understood it, knew it was

made for the purpose of procuring credit with the plaintiff, and failed to inform the agent that she had any title to the premises, but, on the contrary, joined in and assented to such representation, and that she made the same representations at various times to the plaintiff.

If the findings in this behalf were sustained by the proofs, doubtless *Mrs. Monahan* would be estopped to assert any title to her husband's land as against the plaintiff.   But the findings are not sustained by the proofs.   We find no evidence whatever that *Mrs. Monahan* ever said anything to the plaintiff's agent concerning the title to the land.   The only testimony that she knew of the alleged representation of her husband on the subject is that the latter said he was the owner of the land, and that *Mrs. Monahan* was there. The substance of the agent's testimony on the subject is contained in the following extract therefrom: "I asked him [*Hugh*] if he was the owner of the land, and he said he was the owner of the 320 acres in question here.   That's all the conversation.   I asked him·if he was the owner of the land, and he said he was.   *Mrs. Monahan* was there."   It does not appear that *Mrs. Monahan* heard the conversation, or that she was in a position where she might have heard it, or that, if she heard it, she knew the statement was made as an inducement to the plaintiff to accept the obligation of *Hugh* upon which the judgment was obtained.   These are essential requisites to a valid estoppel.   Of course, the testimony is entirely insufficient to support the formidable findings of fact out of which the estoppel was raised, and on which alone the judgment rests.   It is idle to discuss so plain a proposition.   The burden of proving the facts upon which the alleged estoppel is predicated, was upon the plaintiff, and it has failed to make the proof.

It should be further said that the defendant *Hugh* denied making such representation; that *Mrs. Monahan* testified she did not hear him make such representation; and that

their son and daughter testified that they were present at the conversation in which the same is alleged to have been made, and that nothing of the kind then occurred.

The learned counsel for the plaintiff has cited several cases in this court to the proposition that " the conveyance from *Hugh Monahan* to his wife must be held fraudulent, because the wife had no separate estate, and the transfer does not vest the title in her; " and he quotes from the opinion by Mr. Justice TAYLOR in *Horton v. Dewey*, 53 Wis. 410, the following language: " This court has repeatedly held that in a contest between the creditors of a husband and wife, if the wife claims the ownership of the property by purchase, the burden of proof is upon her to prove, by clear and satisfactory evidence, such purchase, and that the purchase was for a valuable consideration paid by her, or by some person for her."

An examination of the cases in this court which lay down the above rule will show that it has only been applied where either the legal title, as distinguished from the equitable title, was involved, or where the claim of the creditor of the husband accrued before the conveyance to the wife, and it was necessary for her to show that she paid a valuable consideration for the property in order to hold it. This case belongs to neither class. We have here a case in which the husband was free of debt and in a situation to make a valid gift to his wife, and he made the conveyance with an honest intention and purpose. There were good and meritorious considerations for the conveyance, and the case is not one in which the wife must prove that she paid a valuable consideration for the property in order to hold it as against a subsequent creditor of her husband. Hence she is not required to show that she had a separate estate out of which she paid for the land. See *Putnam v. Bicknell* and *Le Saulnier v. Loew, supra.*

Other questions were argued by counsel, but it is unnec-

essary to consider them. The only matter litigated in the case was the title of *Mrs. Monahan* to the land in question, and the judgment is confined to that subject. Holding, as we do, that her title was not successfully assailed, either for fraud or by an estoppel *in pais*, all other questions become immaterial.

The judgment of the circuit court must be reversed, and the cause will be remanded with directions to that court to dismiss the complaint.

*By the Court.*— It is so ordered.