Linde vs. Gudden.

LINDE, Appellant, vs. GUDDEN, Respondent.

*February 7 — February 26, 1901.*

*Deeds: Execution: Evidence.*

1. To justify a finding against the execution, according to its terms, of a formal conveyance, duly acknowledged, the evidence must be perfectly clear, convincing, and satisfactory, establishing the fact beyond all reasonable controversy.

2. The testimony of a party to a deed, who would overturn it, that she did not execute it, is insufficient to overcome the force of apparent execution and of the official certificate of acknowledgment, even though there is other testimony tending to show that her signature was not upon the instrument at the time it was subscribed by the witnesses, some days prior to the date of the acknowledgment.

APPEAL from a judment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

Appeal by plaintiff from judgment for defendant in an action of ejectment for a farm of seventy-nine acres in Winnebago county, formerly belonging to W. Gudden, the father of plaintiff and husband of defendant, to whom he was mar-

ried late in life, in 1880, at which time she turned over to him $3,200 in money, and he agreed, as defendant claims, that the same should be returned to her and she should have the farm and all personal property thereon, excepting Gudden's library, for her life.. On January 6, 1887, he and the defendant executed a deed to plaintiff and her brother, B. C. Gudden, reserving to defendant a life estate in the farm, and charging upon the grantees an annual payment of $180 per annum to defendant during her life. The claim of the plaintiff was predicated on an alleged deed bearing date May 1, 1889, for the expressed consideration of $3,000, from William Gudden and the defendant to plaintiff and her said brother, absolutely conveying the farm in question, warranting title, and, in addition, containing the following declaration:

" This deed is given to annul a former deed made out January 6, 1887, by Mr. Th. Frentz. The conditions therein mentioned were based on a marriage contract between *Anna Zweifel,* now *Anna Gudden,* and Wm. Gudden.

" With this instrument are all stipulations and agreements made by first parties, and also obligations by second parties in deed of January 6, 1887, revoked and renounced."

Defendant denied execution of this deed. The action was tried to the court without a jury, and the court found as a fact that the latter deed was never executed or delivered by the defendant, *Anna Gudden,* and is not her deed. William Gudden died in 1898. B. C. Gudden conveyed all his interest to plaintiff.

For the appellant there was a brief by *Hume, Oellerich & Jackson,* and oral argument by *J. W. Hume.*

For the respondent there was a brief by *Barbers & Beglinger,* and oral argument by *Charles Barber* and *Fred. Beglinger.*

DODGE, J.  No rule is more firmly established in this state than that, to justify a finding against the execution, according to its terms, of a formal conveyance, duly acknowledged,

Linde vs. Gudden.

the evidence must be perfectly clear, convincing, and satisfactory; that the defense must be established beyond all reasonable controversy,— indeed, as some authorities put it, beyond a reasonable doubt. *Kercheval v. Doty*, 31 Wis. 476, 491; *Harter v. Christoph*, 32 Wis. 245, 248; *Smith v. Allis*, 52 Wis. 337, 345; *German Bank v. Muth*, 96 Wis. 342, 345; *Fillingham v. Nichols*, 108 Wis. 49. True, most, if not all, of these cases are addressed to denial of the correctness of the substance of the conveyances, but the reasons for demanding at least as much, if not more, certainty of proof to overcome the apparent fact of the execution of a conveyance are even greater; for, if the paper were neither signed nor acknowledged by the ostensible grantor, then, apparently, two crimes have been committed,— the crime of forgery by whoever wrote the name, and the crime of false certification by the acknowledging officer. The presumption of innocence is always a most cogent and persuasive one, not to be overcome by any evidence short of substantial certainty.

An examination of the record in this case discloses a document purporting to be signed by the respondent, her signature sufficiently similar to other admitted signatures to lead several bankers and other experts to believe in its authenticity. Her acknowledgment thereof is certified by a magistrate now dead. The fact that respondent signed is also supported by the direct testimony of two witnesses, more or less interested, it is true. On the other hand, it is denied by herself on oath, upon the trial. That denial is in some degree confirmed by the testimony of one of the witnesses to the deed, Mischke, who puts himself in conflict with Clarissa Linde and B. C. Gudden as to whether respondent's name was on the deed at the time he signed as a witness. He does not, however, pretend to testify that it was not placed there at some subsequent date, before the acknowledgment, which did not take place until five days

after the date of the instrument.    His testimony, therefore, is inconclusive upon the main question whether she executed it at all and whether she acknowledged it.

It is urged that there was no reason or consideration for the execution of the deed, but this position is not tenable. We cannot avoid the conclusion that by her previous deed respondent had released any liability of her husband to her for the principal of the money which she had placed in his hands, and had accepted in lieu thereof an agreement to pay her $180 per annum through her life.    By this deed she apparently was to receive substantially the principal of that sum, and did receive it in the form of two mortgages delivered to her at about that time, and subsequently assigned to her by her husband.

In the view of this evidence, it might be thought a fairly debatable question whether respondent's name was signed to the deed at the time when it was subscribed by the witnesses,— a question upon which the finding of the court below perhaps ought not to be disturbed; but upon the crucial question, whether at any time she affixed her signature thereto, the deed itself and its certificate of acknowledgment stand undenied, save by the testimony of the respondent herself.    It has been held in many cases, and is strongly intimated by some of those above cited, that in no case can the testimony of the party who would overturn a deed alone overcome the force of apparent execution and of the official certificate.    *Howland v. Blake*, 97 U. S. 624, 627; *Johnson v. Van Velsor*, 43 Mich. 208, 219; *Smith v. McGuire*, 67 Ala. 34; *Blackman v. Hawks*, 89 Ill. 512, 514; *Warrick v. Hull*, 102 Ill. 280, 283; *Sassenberg v. Huseman*, 182 Ill. 341, 349.    In deference to the rules of evidence thus established, we cannot yield to the conclusion of the circuit court that respondent did not execute this deed. We are forced to the view that he could have made that finding only by ignoring those rules of evidence, and decid-

ing the question before him as he would any other, upon the mere preponderance of evidence as it appeared to him, and not because he was convinced beyond reasonable controversy. The evidence does not warrant that degree of certainty that respondent did not at some time, on or before May 6, 1889, sign, and on that day acknowledge, the deed in question. Hence the document itself, with the magistrate's certificate of acknowledgment, establishes its own authenticity. That deed, with other conveyances in evidence, makes complete fee-simple title in the plaintiff, and leaves no right of possession in defendant. The judgment, therefore, should have been in favor of plaintiff.

*By the Court.*— Judgment reversed, and cause remanded with directions to enter judgment in accordance with the prayer of the complaint.