RUSSELL, Respondent, vs. SCOFIELD, Appellant.

*November 27—December 13, 1907.*

*Trial: Direction of verdict: Negotiable instruments: Evidence: Weight and sufficiency: Impeaching written instruments.*

1. In an action against an accommodation maker of a promissory note, pledged as collateral in violation of the agreement under which it was signed, under the evidence, stated in the opinion, it is *held* that the trial court properly directed a verdict for plaintiff for the amount unpaid on the note.
2. Mere evidence of an interested person as to an admission tending to impeach a written instrument (a promissory note), entirely uncorroborated and unequivocally denied by the person said to have made the admission, is not sufficient; the rule in that regard being nearly as strong as in case of a conveyance of realty.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action to recover on a promissory note. November 18, 1904, W. C. Jenkins made his ninety-day promissory note

for $250 payable to the order of defendant and obtained the
latter's indorsement thereon, with the understanding that it
was to be used to renew and take up a note of the same amount
previously so made and indorsed.   Instead of the new note
being used as intended by the indorser, November 25, 1904,
Jenkins turned it out to plaintiff as collateral security for
payment of a loan of $125 made by him to Jenkins and evi-
denced by note, and December 12th thereafter, as claimed,
a further loan was made by him to Jenkins of $100 on said
collateral, a note for such second loan being given by Jenkins
and the Times Publishing Company.  One hundred and sixty-
five dollars was paid on such loans and indorsed on the note
in suit.   There was no controversy on the pleadings but that
plaintiff was entitled to recover at least the balance, if any,
of the amount loaned by plaintiff, if he took the note without
notice of the special purpose for which it was indorsed.   A
verdict was directed for $82.87, being such amount, as de-
termined by the court.  Judgment was rendered accordingly.

   *D. G. Classon,* for the appellant.

   *Carl D. Jackson,* for the respondent.

   MARSHALL, J.   The sole question raised is: Was there a
jury question respecting the amount for which the note in
suit was pledged as security ?   The evidence was positive and
without dispute as to the first loan of $125.   A check was pro-
duced and received in evidence showing payment thereof to
Jenkins.  A note covering the second loan of $100, specifying
that the $250 note was pledged as collateral thereto, was put
in evidence and no question was raised as to its genuineness.
Payment of the $100 to Jenkins was proved by production of
the bank check used for that purpose.   There was evidence
to the effect that the attorney for respondent had the $125
note in his possession for collection when the collateral note
was given him for such purpose, and that when payment was
made to him of $150 the former was delivered up.   Opposed

to the case as so made, was only evidence by Mrs. Jenkins that respondent admitted to her he advanced on the note only $125. That he positively denied.

It does not seem that the jury would have been warranted in finding in favor of appellant in face of the writings mentioned. The second loan was conclusively established by the note expressly pledging the one in suit as collateral thereto.

The rule invoked by counsel that a verdict should not be directed where there are reasonable conflicting inferences from the evidence respecting the right of the matter does not apply, because there were no such inferences as the trial court properly, so far as we can discover, viewed the case. A written instrument unquestionably executed by a person by whom it purports to have been made, as in case of the $100 note, cannot be properly condemned as false and fraudulent except upon clear and satisfactory evidence. Mere evidence of an interested person as to an admission impeaching the instrument, entirely uncorroborated and unequivocally denied by the person said to have made the admission, is not sufficient. The rule in that regard is nearly as strong in support of written instruments generally as in case of conveyances of realty, in respect to which evidence proving the fraud beyond all reasonable controversy is necessary. *Kercheval v. Doty,* 31 Wis. 476; *Baumann v. Lupinski,* 108 Wis. 451, 84 N. W. 836; *Linde v. Gudden,* 109 Wis. 326, 85 N. W. 323.

*By the Court.*—The judgment is affirmed.