ESTATE OF CLEARY: CLEARY, Appellant, vs. CLEARY, Respondent.

*April 23—May 11, 1909.*

*Alteration of instruments: Evidence: Appeal and error: Review: Questions of fact: Trial by court: Findings, when disturbed: Admission of incompetent evidence: Harmless error.*

1. On conflicting evidence the trial court having found that a written instrument was altered in a material particular after its execution, such finding is affirmed, the appellate court being unable to say that the finding is contrary to the weight of evidence.

2. On a trial by the court without a jury, there being competent evidence to sustain the court's findings, the admission of incompetent evidence is not ground for reversal.

APPEAL from a judgment of the circuit court for Walworth county: GEORGE GRIMM, Judge.     *Affirmed.*

The appeal is from a judgment of the circuit court for Walworth county reversing a judgment of the county court

of that county made on final settlement of the administrator's account distributing and assigning the estate of Michael Cleary.

*D. B. Barnes* and *John B. Simmons,* for the appellant, cited, among other cases, *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681; *Jackman v. Inman,* 134 Wis. 297, 114 N. W. 489; *Hagan v. McDermott,* 134 Wis. 490, 115 N. W. 138; *Howland v. Blake,* 97 U. S. 624; *Komp v. State,* 129 Wis. 20, 108 N. W. 46.

For the respondent there was a brief by *Olin & Butler,* and oral argument by *J. M. Olin.*

Among other references upon the part of the respondent were the following: *Carroll v. Bohan,* 43 Wis. 218; *Bradley v. Dells L. Co.* 105 Wis. 245, 81 N. W. 394; *Cox v. Palmer,* 3 Fed. 16; *Abbott v. Dow,* 133 Wis. 533, 113 N. W. 960; *Pym v. Pym,* 118 Wis. 662, 96 N. W. 429; *Rawson v. Milwaukee Mut. L. Ins. Co.* 115 Wis. 641, 92 N. W. 378; *Dumke v. Puhlman,* 62 Wis. 18, 21 N. W. 820; *Wolf v. Theresa V. Mut. F. Ins. Co.* 115 Wis. 402, 91 N. W. 1014; *Schultz v. Culbertson,* 125 Wis. 169, 103 N. W. 234; *Wollman v. Ruehle,* 104 Wis. 603, 80 N. W. 919.

TIMLIN, J.   Michael Cleary, of Walworth county, died on April 16, 1906, leaving surviving him two sons, *John Cleary* and *Patrick Cleary,* his only heirs at law, and leaving an estate for distribution variously estimated at from $9,000 to $12,000.   February 25, 1902, Michael Cleary conveyed by warranty deed to *Patrick Cleary* a certain farm of a value estimated by them at $3,500, upon which *Patrick Cleary* at the time raised by mortgage on said farm and paid to Michael Cleary the sum of $1,500.   At this time and as part of this transaction *Patrick Cleary* executed and delivered to Michael Cleary an instrument as follows:

"Delavan, Wis., February 25, 1902.   Know all men by these presents, that I, *Patrick Cleary,* have this day received

of my father, Michael Cleary, a deed to certain real estate situated in the county of Walworth, and the state of Wisconsin, valued at thirty-five hundred dollars ($3,500). I have paid him fifteen hundred dollars in cash. The balance of said purchase money, to wit, two thousand dollars ($2,000), being an advancement to me by my father on any share due me on settlement of my father's estate."

The words "and in full of any interest in said estate" follow in regular order over the signature and seal of *Patrick Cleary*. *Patrick Cleary* contended that these words were written in without his knowledge or consent after he executed and delivered the instrument, and his brother, *John Cleary*, contended that the words last quoted were part of said instrument at the time of its execution by *Patrick Cleary*. The words "and in full of any interest in said estate" appear on the face of the writing to have been added at some time after completion of the instrument. The period after "estate" and preceding these words was changed to a comma, and these words are apparently made with a different typewriter ribbon than the preceding part of the instrument. On the back of the instrument is an acknowledgment by *Patrick Cleary* before a notary public on February 25, 1902. The circuit court, reversing the order of the probate court, finally distributing the estate of Michael Cleary, deceased, charged *Patrick Cleary* merely with an advancement of $2,000, and subject to this assigned the residue of Michael Cleary's estate equally between *John* and *Patrick Cleary*. From this judgment an appeal is taken to this court.

On the trial the instrument in question was offered and received in evidence against the objection of *Patrick Cleary*, and it is contended by respondent that the instrument, showing on its face an alteration, was not properly received in evidence without explanation of that alteration. No explanation was attempted on examination in chief of the administrator, who produced the instrument and identified it, and who is the same person who as notary took the acknowl-

edgment on the back.   On cross-examination of this witness, when asked whether or not he put those words in the instrument, he answered:

"It would be my impression that I did not.   I won't swear that I did not.   I infer it from the instrument.   My recollection don't guide me, and I draw that inference from the color of the ribbon. . . . I don't think I said I did not add that language, but my impression.   I meant to convey the idea that there are certain things that make me think I did do it, and other things that are so clearly contrary to that idea that I don't think I did write it.   There are indications of a difference in that language following the word 'estate,' and am unable to state whether or not that language was there at the time of the execution of the instrument."

The instrument was admitted in evidence, but the objection to its receipt was not renewed after this cross-examination.   Thereupon counsel for *Patrick Cleary* undertook to impeach the instrument by attempting to show that these words were not part of the instrument at the time of its execution by *Patrick Cleary*.

It would answer no useful purpose to detail the evidence on the part of *Patrick Cleary* offered for this purpose. Briefly, it consisted of evidence to the effect that *Patrick Cleary* and Michael Cleary consulted a young lawyer named Morrissey, who drafted a contract containing these disputed words.   Michael Cleary objected to the draft on this ground, and it was on the same day of and immediately prior to its execution corrected by striking out these words and rewritten without these words and delivered to Michael and *Patrick Cleary,* who at once took it over to the notary for the purpose of executing it.   *Patrick Cleary* testifies that these words were not part of the instrument at the time he signed the same, nor were they added with his knowledge or consent. The instrument was not recorded until March 14, 1902, but as recorded it contained these words.   He contends that the instrument was altered in the meantime by the addition of

the words in question.   Other instruments executed on this same typewriter were offered for purposes of comparison, and testimony was offered tending to show that the typewriter ribbon was changed some time after February 25, 1902, or at least after writing the note of *Patrick Cleary*.   The acknowledgment on the back of the instrument in question in the appearance of the ink and writing resembles the disputed words, but the experts are at variance on this point.   No direct proof other than the instrument itself was offered tending to show that these words were part of the instrument at the time of its execution by *Patrick Cleary,* but various circumstances are relied on to establish that fact.

The circuit court found on the evidence that the instrument in question was executed by *Patrick Cleary* in the form first above written ending with the words "on settlement of my father's estate," and that the subsequent addition of the said disputed words was without the knowledge, consent, or authority of the said *Patrick Cleary,* and constituted a material alteration of said instrument, making it express a substantially different agreement.

We are convinced that under all the evidence this was a question of fact found by the circuit court in favor of the respondent upon conflicting evidence and that we should not disturb that finding.   This is not a case where an instrument absolutely fair on its face is sought to be impeached by parol evidence, nor a case where one seeks to defeat recovery upon an admitted covenant in a written instrument because the instrument was in other material respects fraudulently altered; but it is a case where the effective covenant upon which recovery or estoppel is sought appears from the instrument itself to have been added after its completion and in a different ink, but it does not clearly appear from the instrument itself whether this covenant was added before or after the execution of the instrument.   This latter was a question open to legal controversy.   It is not probable, nor does the court below find, that the notary wrongfully added the disputed

words, but that this was the result rather of mistake with reference to what *Patrick* had agreed to. Granting that the burden of proof was upon respondent to establish by clear and satisfactory evidence that the words in question were not on the instrument when executed, we find ourselves unable to say that the findings of the court below are contrary to the weight of evidence. 2 Cyc. 251; *North v. Henneberry,* 44 Wis. 306; *Page v. Danaher,* 43 Wis. 221; *Linde v. Gudden,* 109 Wis. 326, 85 N. W. 323.

Some complaint is made respecting the admission of incompetent evidence; but as the case was tried by the court without a jury, and there is competent evidence to support the finding, the admission of such incompetent evidence, if any, is not ground for reversal.

*By the Court.*—The judgment of the circuit court is affirmed.