PENNSYLVANIA COAL & SUPPLY COMPANY, Respondent, vs. SCHMIDT, Appellant.

*November 21—December 9, 1913.*

*Estoppel: Burden of proof: Erroneous instruction: Appeal: Prejudicial error: Milwaukee civil court: New trial on appeal: Motion costs: Discretion.*

1. Where defendant in his answer sets up affirmative matter by way of estoppel, the burden of proof is upon him to establish such defense.
2. An erroneous instruction as to the burden of proof upon a material issue is sufficient cause for reversal where the finding of the jury on that issue is adverse to the party upon whom the burden is erroneously placed.
3. Under sub. 3, sec. 28, ch. 549, Laws of 1909, upon appeal from the civil court of Milwaukee county, if a new trial be ordered it should be had in the circuit court. The statute does not provide for the remanding of a case to the civil court for a new trial.
4. It was not an abuse of discretion, under sec. 2924, Stats., for the circuit court to allow $10 costs of motion when granting a new trial in a case appealed from the civil court of Milwaukee county; but it would be better not to impose costs upon defeated parties in such motions.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. . *Affirmed.*

Action begun in the civil court of Milwaukee county to recover $96.50, being balance due for coal sold and delivered to the defendant. The answer was a general denial. When plaintiff rested, the . evidence showed that the coal

was sold to the defendant by the Mueller Fuel & Supply Company, acting as agent for the plaintiff. Defendant was then permitted to amend his answer, and he set up the defense that he bought the coal from the Mueller Fuel & Supply Company, not knowing that the plaintiff was the owner thereof, and that he had a setoff against the former; that plaintiff permitted said company to hold itself out as the owner of the coal, and that therefore it was estopped from maintaining the action.

The trial court submitted a special verdict of two questions. The first question was: Did the defendant at the time he purchased the coal in question know that the Mueller Fuel & Supply Company was acting as agent for plaintiff? The second question was: Ought the defendant in the exercise of ordinary care to have known that the Mueller Fuel & Supply Company was, at the time he purchased the coal in question, acting as agent of plaintiff? The court instructed the jury that the burden of proof as to both questions was upon the plaintiff, and the answer returned by the jury to each question was No. The plaintiff appealed to the circuit court, and it granted a new trial in said court on the ground that the civil court erred in charging the jury that the burden of proof as to the questions submitted was upon the plaintiff. From an order granting such new trial the defendant appealed.

S. W. Dalberg, for the appellant.

For the respondent the cause was submitted on a brief signed by Nath. Pereles & Sons, attorneys, and Alex. L. Strouse and Daniel W. Sullivan, of counsel.

VINJE, J. The defendant claims that the circuit court erred (1) in reversing the judgment; (2) in ordering a new trial by jury in the circuit court; and (3) in ordering defendant to pay $10 as costs of motion.

1. The defendant in his amended answer set up affirma-

tive matter by way of estoppel and the burden of proof was upon him to establish such defense. In *Wheeler & W. Mfg. Co. v. Monahan,* 63 Wis. 198, 23 N. W. 127, plaintiff relied upon an estoppel, and the court said: "The burden of proving the facts upon which the alleged estoppel is predicated was upon the plaintiff, and it has failed to make the proof." Page 203. To the same effect is *Delaney v. Canning,* 52 Wis. 266, 8 N. W. 897. An erroneous instruction as to the burden of proof upon a material issue is sufficient cause for reversal where the answer is adverse to the party upon whom the burden is erroneously placed. *Carle v. Nelson,* 145 Wis. 593, 130 N. W. 467. The judgment was therefore properly reversed and the order granting a new trial must be affirmed.

2. We are unable to find any foundation for the claim that the cause should have been remanded to the civil court for a new trial. Sub. 3, sec. 28, ch. 549, Laws of 1909, provides:

"Every judgment of said civil court shall be affirmed or modified and affirmed as so modified, by the circuit court, upon appeal, unless, by reason of manifest prejudicial error in the trial of the action in which such judgment was rendered, any party thereto has not had a fair trial thereof in the civil court; but in any such case of mistrial, where substantial justice cannot otherwise be done and the rights of the parties otherwise observed and protected, the judgment of the civil court therein shall be reversed, and the circuit court shall order the action tried in said circuit court in the same manner as if originally brought there."

Defendant argues that it is only in cases where the judgment of the civil court is modified and affirmed as so modified, and in case of a mistrial where substantial justice cannot otherwise be done and the rights of the parties otherwise observed and protected, that the circuit court may retain jurisdiction of the case and order the action to be tried in the circuit court in the same manner as if originally brought

there; and that there was no showing in this case that would warrant the circuit court in retaining jurisdiction, and that the case should have been remanded to the civil court for a new trial. It is evident that such construction cannot be given the statute, for it nowhere provides for the remanding of a case to the civil court for a new trial. The subdivision quoted prescribes when a new trial shall be granted, but, when granted upon any ground therein mentioned, the new trial must be had in the circuit court. The act does not contemplate successive appeals from the civil to the circuit court in the same action.

3. No abuse of discretion is perceived in granting the motion with $10 costs. Sec. 2924, Stats. 1911, provides that "Costs may be allowed on a motion, in the discretion of the court or judge, not exceeding ten dollars, and may be absolute or directed to abide the event of the action." In our judgment, however, it would be better not to impose costs upon defeated parties in motions of this kind. They should be allowed to endeavor to sustain the judgment of the lower court without incurring the penalty of costs in the event they are unsuccessful.

*By the Court.*—Order affirmed.