ESTATE OF UTTER: REISS, Respondent, vs. UTTER, Executor, Appellant.

*December 14, 1920—January 11, 1921.*

*Executors: Claim against estate: Evidence: Degree of proof required: Instructions.*

1. The rule of evidence in civil cases generally is that the jury are required to be convinced or satisfied of the existence of facts by the preponderance of the evidence, though in certain classes of cases a higher degree of proof is required.
2. To support a claim against a decedent's estate by one alleging she had loaned decedent $2,500, it was not necessary that the jury be satisfied by evidence that was clear, convincing, and satisfactory that claimant had made the loan. A mere preponderance of the evidence in favor of claimant is sufficient.
3. Instructions which erroneously placed on claimant a greater burden of proof than the law required were prejudicial.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

*Edward W. Spencer,* attorney, and *W. H. Churchill,* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *Curtis, Dorr & Mock* of Milwaukee, and oral argument by *T. H. Dorr.*

JONES, J. In the county court of Milwaukee county a claim was filed for $2,500 against the estate of a deceased person. The case came on appeal to the circuit court, was tried before a jury, and the court submitted one question which was as follows: "Did the claimant, *Ray Reiss,* on February 10 or February 11, 1914, loan to Mary Washburn Utter the sum of $2,500?" The answer was "No." Among other instructions the following were given:

"14. If you are satisfied by evidence that is clear, convincing, and satisfactory that the claimant, *Ray Reiss,* on February 10 or February 11, 1914, loaned to Mary Washburn Utter the sum of $2,500, you will answer the question submitted to you 'Yes.'

"15. If you are not so satisfied, you will answer the question 'No.'"

At the time, the trial judge believed that these instructions were sustained by the case of *Dilger v. McQuade,* 158 Wis. 328, 148 N. W. 1085. On a motion for a new trial the trial judge came to the conclusion that he had been mistaken in applying to the case the rule laid down in the case just cited, since that was not an action on a claim, but in reality a case in equity to establish a lost instrument for the conveyance of realty and to compel specific performance thereof. With commendable frankness the judge admitted the mistake and ordered a new trial. The important question to be decided is whether this was error.

Counsel for appellant cite to sustain their contention 5 Ency. of Ev. 420; 17 Cyc. 778; 1 Moore, Facts, §§ 46, 47, 128, 172; several New York cases; one from Colorado; one from California; and one from Missouri. The Missouri case holds that to sustain claims of this character the plaintiff's allegations must be proved beyond a reasonable doubt. *Craddock v. Jackson* (Mo.) 223 S. W. 924, 929. The New York cases do not state the rule to the full extent of the instructions given, but do declare that the evidence should be "very satisfactory."

It is true that this court in certain classes of cases has approved the rule requiring proof that is clear, convincing, and satisfactory, and in some of the cases the words "beyond all reasonable controversy" are added.

Since this is a question which will often arise we mention some of the cases cited in respondent's brief: *Linde v. Gudden,* 109 Wis. 326, 85 N. W. 323, an action to set aside a form of conveyance duly acknowledged; *Larson v. Pederson,* 115 Wis. 191, 91 N. W. 659, to impeach the execution of a duly executed deed; *Citizens Bank v. Jones,* 117 Wis. 446, 94 N. W. 329, to set aside a duly executed mortgage; *Demark v. Milwaukee E. R. & L. Co.*

142 Wis. 624, 126 N. W. 13, to set aside a written release on the ground of fraud or coercion; *Boring v. Ott,* 138 Wis. 260, 119 N. W. 865, restraining in equity a judgment regularly entered after trial in a court of law; *Burnham v. Burnham,* 119 Wis. 509, 97 N. W. 176, to set aside a deed for fraud.

Perhaps the higher degree of proof is most often required where fraud is charged. *Bowe v. Gage,* 127 Wis. 245, 106 N. W. 1074.

Appellant's counsel have cited no case decided by this court where the rule stated in the instructions given to the jury has been approved or declared, and we have found no such case. On the contrary, it is the rule in civil cases generally that the jury are required to be convinced or satisfied of the existence of facts by the preponderance of the evidence. *Brennan v. Healy,* 157 Wis. 37, 145 N. W. 641; *Bowe v. Gage, supra.* But in certain classes of cases, as indicated above, the higher degree of proof is required.

It is earnestly urged that the rule of evidence as laid down in the instructions to the jury ought to prevail to prevent plundering estates. No doubt fraudulent claims are too often filed and such claimants sometimes succeed. On the other hand, the restriction proposed might quite as often cause the defeat of meritorious claims. The statute relating to conversations and transactions between claimants and deceased persons is one important safeguard preventing fraud in this class of cases. But however we may regret it, there can be no statutes or rules of law which will prevent an occasional failure of justice.

The celebrated work of Jeremy Bentham, the Rationale of Judicial Evidence, was published nearly one hundred years ago. Since that time the whole tendency of legislation and judicial decision has been toward the eliminating of many of the restrictions and exclusionary rules of evidence which had grown up in the English courts and which, as he showed, hampered the administration of justice. Prisoners

on trial and parties in civil actions may now testify in their own behalf. The rule excluding witnesses interested in the result, with its infinite complications, has been abolished. Statutes in many of the states have removed many of the common-law disabilities which prevented husband and wife from testifying for or against each other. These are only a few of the many instances which might be given showing the trend of legislation on this subject. In judicial decisions there is also a tendency to allow to the trial judge greater discretion in receiving and excluding evidence so long as well established rules are not violated.

We are not disposed to go counter to the plain tendency of modern legislation and judicial decisions by creating a new exception or restriction for this class of cases, and we hold that the instructions were erroneous.

It is urged that the result would have been the same if correct instructions on the subject had been given, because, it is urged, the testimony is insufficient to support the claim. Several witnesses testified to the delivery of the money by claimant to the deceased, and two witnesses gave testimony from which the jury might have believed that the transaction amounted to a loan rather than payment of a debt. It was plainly a question for the jury.

The instructions related to the vital issue in the case. They placed upon the respondent a greater burden of proof than the law requires, and were clearly prejudicial. *Pennsylvania C. & S. Co. v. Schmidt,* 155 Wis. 242, 144 N. W. 283; *Carle v. Nelson,* 145 Wis. 593, 130 N. W. 467; *Schumacher v. Tuttle P. Co.* 142 Wis. 631, 126 N. W. 46.

*By the Court.*—Order affirmed.