PREMIER REFINING COMPANY, Respondent, vs. FALKEN-
BERG, Appellant.

*May 5—June 5, 1923.*

*Sales: Misrepresentation by seller: Burden of proof: Reasonable
diligence in shipping goods: Harmless error.*

1. In an action on contract for the purchase price of merchandise,
   in which defendant disputed plaintiff's right to recover be-
   cause of misrepresentation as to the place from which ship-
   ment would be made, erroneously placing on the defendant
   the burden of proving that, in view of his intelligence and ex-
   perience, in the exercise of ordinary attention to his business he
   ought not to have discovered the falsity of the representations
   by the seller's agent before giving his order, was harmless
   where the jury found that plaintiff used reasonable diligence
   in filling the order and the finding was not disturbed by the
   trial court, the place of shipment being material only in con-
   nection with the question whether reasonable diligence was
   used.
2. The defendant having had in his possession at his place of
   business a copy of the order given to the seller's salesman
   showing the place from which the goods were to be shipped,
   will not be permitted to say that such misrepresentation was
   a controlling factor with him.
3. The buyer, appealing from an adverse verdict, cannot com-
   plain that there was no deduction made for freight charges
   to destination as expressly provided by the contract, where
   such defense was not asserted by the answer and no testi-
   mony was offered as to the amount of such freight charges,
   the defendant having refused to accept or pay for the goods.

APPEAL from a judgment of the circuit court for Barron
county: W. R. FOLEY, Circuit Judge. *Affirmed.*

Plaintiff, a corporation of Cleveland, Ohio, through its
salesman, who lived at Minneapolis, solicited an order from
defendant, who was railroad station agent as well as store-
keeper at Barron, Wisconsin. Defendant's wife was in
charge of the store when the salesman called and the latter
then communicated with the defendant by telephone to the
depot, and after discussion with defendant reported to the
wife that an order had been given. The order was then

made out on the plaintiff's form and signed by defendant's wife and a copy thereof kept by her and placed in the usual place in the store. It was dated August 6, 1920, and at the top of the printed order was the plaintiff's name and that the main office and works were at Cleveland, Ohio. It was subject to plaintiff's approval and acceptance and was to be shipped at once, freight to be paid by plaintiff to destination, and contained the following clauses: "Following your acceptance hereof, it is agreed that the purchase mentioned herein is not subject to cancellation except with your [plaintiff's] written consent. Goods sold f. o. b. Cleveland and are guaranteed to give general satisfaction." It was for a turpentine compound and linseed oil. The order was forwarded by the salesman and appears to have been received at the home office August 10th, acknowledged on the 12th, and billed on the 20th. The goods arrived September 9th or 10th and were then rejected by defendant. Defendant testified that the plaintiff's salesman represented that the linseed oil was on hand at St. Paul and could be shipped from there. There was also evidence by defendant's wife that she understood from the conversation that the shipment would be made in three or four days' time.

Upon suit being brought for the amount of the order, $110.95, several defenses were interposed but only two submitted.

The special verdict as answered is as follows:

First. The salesman, to induce defendant to purchase, represented that the shipment would be made from St. Paul, Minnesota.

Second. Defendant believed and relied on such representation in giving the order.

Third. Defendant, in view of his intelligence and experience and in the exercise of ordinary attention to his business, ought to have discovered the falsity of such representation before giving the order.

Fourth. The plaintiff used reasonable diligence in filling the order under the circumstances.

After motions made by the respective parties the court ordered judgment in favor of the plaintiff. From such judgment defendant has appealed.

*Chas. A. Taylor* of Barron, for the appellant.

For the respondent the cause was submitted on the brief of *J. W. Soderberg* and *Coe Brothers,* all of Barron.

ESCHWEILER, J. The record shows that the court placed the burden of proof on the defendant to establish by a clear and satisfactory preponderance of the evidence that the third question should be answered "Yes." To such portion of the instruction the defendant excepted. The burden of proof was upon the plaintiff as to this question instead of upon the defendant, and were the plaintiff's right to recover dependent upon the answer to this question, such erroneous instruction would be clearly prejudicial error. *Estate of Utter,* 173 Wis. 180, 183, 180 N. W. 810.

Under the evidence, however, as we view the record, there was but one issue necessary to be submitted to the jury and that was covered by the fourth question of the special verdict, answered in plaintiff's favor by the jury and not disturbed by the trial court and for which support can be found in the evidence.. This determined as a fact that under the order requiring shipment at once, plaintiff did ship within a reasonable time, and we can find no ground for disturbing such finding, approved as it was by the trial court.

The subject matter of the alleged misrepresentations and covered by the first three questions, as to whether or not it was stated by plaintiff's salesman that shipment would be made from St. Paul or Minneapolis rather than from Cleveland, we deem immaterial, first, because the question as to the place from which the shipment was to be made was ma-

terial only in connection with the issue covered by the fourth question, namely, whether reasonable diligence was used by plaintiff in shipping the goods; and secondly, because the defendant ought not to be heard to assert any such contention in face of the signed written order, a copy thereof being kept in defendant's store, showing on its face that the shipment was to be from Cleveland. This was a plain and simple document, a copy preserved with ample opportunity for inspection, and defendant ought not now to be permitted, under the facts in this case, to assert as a controlling factor with him that which was contrary to the plain letter of the contract itself and which at most related to the future merely. *International T. Co. v. Mabbott,* 159 Wis. 423, 427, 150 N. W. 429; *Standard Mfg. Co. v. Slot,* 121 Wis. 14, 23, 98 N. W. 923; *Gauthier v. A., T. & S. F. R. Co.* 176 Wis. 245, 251, 186 N. W. 619.

Complaint is also made because no deduction for freight of the goods to the point of destination was made by plaintiff, the contract expressly providing that such was to be paid by it. This defense was not asserted by the answer, no testimony offered as to the amount, and defendant, having refused to accept or pay for the goods, is surely now in no position to assert such claim.

*By the Court.*—Judgment affirmed.